

HON. SYLVIA O. HINDS-RADIX
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

MICHAEL VIVIANO
*Senior Counsel*
phone (212) 356-2368
fax (212) 356-3509
mviviano@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/27/2024

March 26, 2024

**BY ECF**
Honorable Colleen McMahon
United States District Court Judge
Southern District of New York
500 Pearl St.
New York, New York 10007

OK

Conference Cancelled.

Re:  Antoine Gee v. the City of New York et al.,
       24-CV-1300 (CM)

Your Honor:

*/s/ Colleen McMahon 3/27/2024*

I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department, and the attorney representing Defendant City of New York in the above-referenced action. Defendant writes to request a *nunc pro tunc* 60-day extension of time, from March 21, 2024 to May 20, 2024, for Defendant to answer, move, or otherwise respond to the complaint. This is the first request for an extension of time to respond to the complaint. Defendant further requests, an adjournment of the Initial Conference scheduled for April 18, 2024, to a date set by the Court following the City's response to the Complaint. Plaintiff's counsel, Douglas Mace, consents to both of these requests.

As background, plaintiff alleges, *inter alia*, that from April 1, 2022, to April 6, 2022 he was held at the Eric M. Taylor Center ("EMTC"). While in custody, Plaintiff was unable to charge the battery for his prosthetic leg which has a battery life of 48 hours; further plaintiff alleges he was not provided required medication, and was sexually assaulted by DOC staff. Plaintiff now brings claims for Negligence, Sexual Battery, Monell and various violations of New York State Constitutional Rights.

In order to respond to these allegations in accordance with Defendant's obligations under Rule 11 of the Federal Rules of Civil Procedure, the Defendant needs to obtain records pertaining to Plaintiff's detainment, and medical treatment thereafter. However, Defendant needs time to obtain Plaintiff's inmate records, and process his medical release in order to evaluate the claims in the complaint, and meaningfully respond to the allegations therein. To that end, Defendant has provided a HIPAA authorization for Plaintiff's execution, and await receipt. Further, a corresponding adjournment of the Initial Conference will also allow the Defendant to meaningfully

respond to any questions and concerns, the Court may have regarding the City's perspective on the matter. Moreover, the undersigned regrets to inform the Court that he is unavailable to attend the scheduled Initial Conference on April 18, 2024, due to a prior scheduled vacation.

Accordingly, Defendant respectfully requests that the Court grant Defendant a *nunc pro tunc* extension of time to answer or otherwise respond to the complaint from March 21, 2024 to May 20, 2024; and a corresponding adjournment of the Initial Conference currently scheduled for April 18, 2024.

Thank you for your consideration of this matter.

Respectfully submitted,

*/s/ Michael Viviano*
Michael Viviano
Senior Counsel
Special Federal Litigation Division

**BY ECF**
Douglas Mace, Esq.
Pat Benn, Esq.
*Attorneys for Plaintiff*