

MURIEL GOODE-TRUFANT
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MARIAM KHAN
*Assistant Corporation Counsel*
Phone: 212-356-2662
markhan@law.nyc.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/11/2025

June 10, 2025

BY ECF
Honorable Colleen McMahon
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*OK, extension granted. Conference adjourned.*
*Colleen McM*
*6/11/2025*

Re: *Gee v. City of New York, et al.*, 24 cv 1300 (CM)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel for the City of New York, and the attorney assigned to represent the City of New York ("City") in the above-referenced matter. For the reasons set forth below, defendant City respectfully requests: (1) an adjournment of the June 16, 2025 deadline for Defendant City to file its motion for summary judgment, to 30 days following a disposition on Plaintiff's pending discovery dispute (ECF Nos. 20-23); and (2) an adjournment of the June 16, 2025 deadline for the parties to file the Joint Pre-Trial Order, proposed request to charge, *voir dire*, and verdict sheets, to, at a minimum, 30 days after the Court's decision on Defendant City's motion for summary judgment. Plaintiff consents to the within request.

By way of background, pursuant to the Court's September 9, 2024 Case Management Order (ECF No. 18), fact discovery closed on May 15, 2025. Notwithstanding, on June 9, 2025, more than three weeks after discovery closed, Plaintiff filed a motion requesting that Your Honor refer this matter to the magistrate judge to resolve a purported outstanding discovery dispute. (ECF No. 20). On June 10, 2025, this Court granted Plaintiff's request and referred the matter to Magistrate Judge Robyn F. Tarnofsky to resolve the discovery dispute. (*See* ECF Nos. 21 – 22). On the same day, Magistrate Judge Tarnofsky ordered the parties to appear at 3:00 p.m. on June 16, 2025 for a case management conference to discuss the outstanding discovery dispute. (ECF No. 23).

Pursuant to the September 9, 2024 Case Management Order and Your Honor's Individual Practices and Procedures, the deadline for filing a motion for summary judgment, the joint pre-trial order, proposed voir dire, requests to charge, and verdict sheets is June 16, 2025. (ECF No. 18). As noted above, considering that there is an outstanding discovery dispute and a June 16, 2025 conference to discuss same, Defendant City respectfully requests that the court adjourn the deadline for filing motions for summary judgment to 30 days from the date of the resolution of the discovery issue. The reason for this request is that, should the Court rule in Plaintiff's favor with respect to the discovery dispute, certain discovery is likely to continue and could significantly impact Defendant City's motion for summary judgment and the arguments therein. Accordingly, until that discovery issue is resolved, Defendant City's motion for summary judgment is not yet ripe for submission.

With respect to Defendant City's request to adjourn the June 16, 2025, deadline to file the pretrial submissions, Defendant City respectfully requests that this deadline be adjourned to 30 days after the Court issues an order on Defendant City's motion for summary judgment. While defendant City recognizes the Court's Individual Practices and Procedures which states that these motions are disfavored and will almost never be granted, Defendant City respectfully submits that there are compelling reasons for granting this request in the instant case. First, the City's motion for summary judgment in this case is expected to be fully dispositive. To that end, the only federal claim in this case is a *Monell* claim against the City—a claim on which plaintiff has conducted no discovery. Moreover, with respect to plaintiff's state law claims, these are ripe for dismissal due to his failure to comply with Gen. Mun. L. 50-h and 50-i, and since they are, at this time, time-barred under the applicable statute of limitation. Should the court nevertheless permit Plaintiff's state law claims to proceed, Defendants contend that they would still fail at the summary judgment stage since, principally, the force used in this case was reasonable and appropriate considering there is no genuine dispute that plaintiff failed to comply with orders to leave the cell, resisted being restrained by correction officers, and the video evidence definitively establishes that the force used was reasonable.

Should the Court grant the City's motion for summary judgment, no pretrial filings would be required. Alternatively, should the motion dispose of even part of the case, it would still impact the substance of the parties' pre-trial filings. Finally, in light of the outstanding discovery dispute, how the Court decides the issue again may impact the parties' pretrial submissions and the evidence for a potential trial. As such, to save the parties from engaging in preparing pretrial filings that will not be needed or will need to be amended, the City respectfully requests that the court adjourn the June 16th deadline to 30 days after resolution of the City's anticipated summary judgment motion. Because this case has only been pending just over one year, defendant respectfully submits that this adjournment would not unduly delay proceedings.

For the foregoing reasons, Defendant City respectfully requests: (1) an adjournment of the June 16, 2025 deadline for Defendant City to file its motion for summary judgment, to 30 days following a disposition on Plaintiff's pending discovery dispute; and (2) an adjournment of the June 16, 2025 deadline for the parties to file the Joint Pre-Trial Order, proposed request to charge, *voir dire*, and verdict sheet, to, at a minimum, 30 days after the Court's decision on Defendant City's motion for summary judgment. Defendant City thanks the court for its consideration of this matter.

Sincerely,

/s/ Mariam Khan
Mariam Khan
*Assistant Corporation Counsel*

cc: All Counsel **(via ECF)**